UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANTONIO BOWEN

                      Plaintiff,                      1:15-cv-04488-PAE

        -against-                      **FIRST AMENDED COMPLAINT**

THE CITY OF NEW YORK, a municipal corporation;
POLICE OFFICER GLADIMIR OCCELIN, in his    **JURY TRIAL DEMANDED**
individual and official capacity;
and POLICE OFFICER DAVID VERNA, in his
individual and official capacity

                      Defendants,
-------------------------------------------------------------------X

    Plaintiff, ANTONIO BOWEN, by his attorneys, Kenneth J. Montgomery and Alexis G. Padilla, complaining of the Defendants, the CITY OF NEW YORK, POLICE OFFICER GLADIMIR OCCELIN ("P.O. OCCELIN") and POLICE OFFICER DAVID VERNA ("P.O. VERNA") upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

    1.    This is a civil rights action in which the plaintiff seeks relief for the Defendants' violation of his rights as secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, and 42 U.S.C. § 1983. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred

upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a citizen of the United States and a resident of New York City. At all times relevant to this complaint Plaintiff was of full age.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officers.

7. Defendant P.O. OCCELIN at all times relevant herein was duly appointed and acting as an officer, servant, employee and agent of the New York Police Department, a municipal agency of the Defendant CITY OF NEW YORK. At all times relevant herein, Defendant P.O. OCCELIN acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of

the defendant CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by the defendant CITY OF NEW YORK and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8.      Defendant P.O. VERNA at all times relevant herein was duly appointed and acting as an officer, servant, employee and agent of the New York Police Department, a municipal agency of the Defendant CITY OF NEW YORK. At all times relevant herein, Defendant P.O. VERNA acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the defendant CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by the defendant CITY OF NEW YORK and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

9.      On April 24, 2014 at approximately 10:00 p.m. Plaintiff was walking along with two co-workers, John Drivas and Brian McCann in the vicinity of 21st Street and Park Avenue in New York County.

10.     As they were walking, the group came across Defendant P.O. OCCELIN and Defendant P.O. VERNA.

11. The Defendant officers asked Plaintiff and his co-workers from where they were coming and to where they were going.

12. They responded that they were heading towards the train and continued walking after the police officers told them to leave.

13. But as the group crossed the street the officers followed them.

14. Defendant P.O. OCCELIN approached the group from behind and put his hand on Plaintiff's shoulder. He demanded that Plaintiff stop and produce his I.D.

15. Plaintiff asked why he was being stopped and for what reason he was being asked to produce his I.D.

16. Defendant P.O. OCCELIN then reached for Plaintiff's arm and Plaintiff pulled away.

17. Defendant P.O. OCCELIN grabbed plaintiff and slammed him first into a brick wall and then onto the ground.

18. Defendant P.O. OCCELIN then hit Plaintiff several times about the body causing pain and injury as Plaintiff protested that he hadn't done anything wrong.

19. Defendant P.O. OCCELIN then handcuffed Plaintiff.

20. Plaintiff immediately stated that the handcuffs were too tight and asked Defendant OCCELIN to loosen them.

21. Defendant OCCELIN refused to loosen the handcuffs.

22. Defendants P.O. OCCELIN and P.O. VERNA then put Plaintiff into the back of a police vehicle.

23. Shortly thereafter Plaintiff was transferred from this vehicle to another police vehicle. When removing Plaintiff from the first vehicle Defendant P.O. OCCELIN yanked Plaintiff's arms by the chain of the handcuffs resulting in pain to Plaintiff's wrists and arms.

24. Plaintiff was eventually transported to the 13th precinct of the New York Police Department.

25. At the 13th precinct Plaintiff was booked and charged with disorderly conduct (PL §240.20), an infraction. This charge was eventually dismissed.

26. Plaintiff remained at the 13th Precinct for approximately three hours before John Drivas and Brian McCann arrived and asked that he be released.

27. Plaintiff was released from police custody at approximately 1 a.m.

28. Plaintiff immediately returned to his residence.

29. The next morning, on April 25, 2014 at approximately 9:30 a.m., Plaintiff was admitted to the emergency room at New York Methodist Hospital in Brooklyn complaining of head injury and generalized pain.

30. In Plaintiff's medical records, the treating physicians noted that Plaintiff appeared with hematoma and swelling upon the right scalp, abrasions on his legs, and pain to his left wrist, neck, rib cage and lower back.

31. X-rays of Plaintiff's left wrist taken on that day revealed "scapholunate widening suggestive of ligamentous injury."

32. Upon consultation with an orthopedic specialist Plaintiff was diagnosed with a scapholunate dissociation of the left wrist.

33.     Plaintiff's injury required invasive surgery to reconstruct the left scapholunate ligament and a procedure known as extensor tenosynovectomy to remove the inflamed synovial lining of the extensortendons in the left wrist.

34.     Plaintiff, an iron worker by trade, missed approximately four months of work as a result and his ability to perform at full capacity was impaired thereafter.

35.     At all times relevant to this complaint Plaintiff was in compliance with the laws and ordinances of New York City.

36.     At no time relevant to this complaint did Plaintiff conduct himself in a disorderly manner.

37.     At all times relevant to this complaint Defendants P.O. OCCELIN and P.O. VERNA acted under the color of state law in their capacities as officers and employees of the New York Police Department.

38.     As a result of the actions of Defendants P.O. OCCELIN and P.O. VERNA Plaintiff suffered damages including but not limited to severe physical injury, false arrest, malicious prosecution and lost wages.

## AS FOR A FIRST CAUSE OF ACTION

*Deprivation of Rights Protected under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 against Police Officer Gladimir Occelin*

39.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

40.     At all times during the events described above the Defendants lacked probable cause to detain and arrest Plaintiff.

41.     At all times during the events described above the Defendants lacked justification to use physical force against Plaintiff.

42. All of the aforementioned acts of Defendants acted in concert and with the intention of depriving Plaintiff of his constitutional rights.

43. All of the aforementioned acts of the Defendants were carried out under the color of state law and by the Defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

44. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, including but not limited to the right to be free from unreasonable seizure, excessive force, false arrest, malicious prosecution and deprivation of liberty without due process of law.

## SECOND CAUSE OF ACTION

*Failure to Intervene under 42 U.S.C. § 1983 against Police Officer David Verna*

45. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

46. The Defendant P.O. VERNA is liable for the above-stated actions of his co-defendant P.O. OCCELIN due to his failure to intervene and stop the use of excessive force and illegal detention against Plaintiff when P.O. VERNA knew or should have known that Plaintiff's rights were being violated.

47. Defendant P.O. VERNA had a duty to intervene to prevent an obvious violation of rights by a fellow officer.

48. The Defendant Police Officers each had a reasonable opportunity to intervene.

49. The Defendant Police Officers each failed to intervene to prevent the violation of Plaintiff's rights.

50. As a direct and proximate result of the Defendant Police Officers' failure to intervene Plaintiff suffered injuries and damages as stated herein.

## THIRD CAUSE OF ACTION

*Municipal Liability under 42 U.S.C. § 1983 against the City of New York*

51. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

52. The CITY OF NEW YORK directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of the Defendant Police Officers. The conduct of the Defendant Police Officers was a direct consequence of inadequate training and supervision of police officers by Defendant CITY OF NEW YORK and its agent, the New York Police Department.

53. At all times relevant to this complaint Defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to brutalize and falsely arrest a member of the public.

54. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

55. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

56. The wrongful polices, practices and customs complained of herein, demonstrates the deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the

constitutional rights of persons within the city, and was the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

**WHEREFORE,** Plaintiff demands relief jointly and severally against all of the Defendants for compensatory damages in the amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 03/03/2016
Brooklyn, NY

By: ____/s/Alexis G. Padilla_____
Alexis G. Padilla, Esq. [AP7400]
Of Counsel to Kenneth J. Montgomery, PLLC.
*Attorneys for Plaintiff*
*Antonio Bowen*
198A Rogers Avenue
Brooklyn, NY 11225
917-238-2993